PARSONS SAVINGS BANK v. U. F. SARGENT, *et al.*

1. CHATTEL MORTGAGE; *Defective Description; Delivery of Property to Mortgagee.* Where a chattel mortgage fails to duly describe the property, the defect is cured by the subsequent delivery of the property to the mortgagee, as against parties who have not acquired any rights or interest before such delivery.

2. ——— The delivery, in such a case, must be such an actual transfer of the possession and control of the property that, if it was destroyed, the loss would be that of the mortgagee. A constructive possession will not avail.

*Error from Bourbon District Court.*

REPLEVIN, for a printing-press, claimed by the *Parsons Savings Bank*, plaintiff. The plaintiff in its petition alleged, among other matters, "that it is the owner and entitled to the immediate possession, and also has a special ownership

by way of a chattel mortgage in full force, on which there is due plaintiff about $400, of the following-described personal property, now in Bourbon county, to-wit, one half-medium Gordon job printing-press." The chattel mortgage is as follows:

KNOW ALL MEN by these presents, that I, A. W. Gifford, of the first part, in consideration of the sum of $412 to me paid by W. L. Winter of the second part, the receipt whereof is hereby acknowledged, have granted, bargained and sold, and by these presents do grant, bargain and sell unto the said W. L. Winter, his heirs, executors, administrators, and assigns, all the following articles of personal property, to-wit: two imposing stones; one half-medium Gordon job press; one paper cutter; one card cutter; thirty-five cases of job and newspaper type; four type stands; two tables; one stock case, and one stove. Provided always, and these presents are upon this express condition, that if the said party of the first part shall pay or cause to be paid unto the said party of the second part, or his executors, administrators or assigns, the aforesaid sum of $412, according to the terms of one certain promissory note this day executed and delivered by the said A. W. Gifford to the said W. L. Winter, due six months after date, with interest from date at twelve per cent. per annum, which the said party of the first part hereby agrees to pay, then these presents, and everything herein contained, shall be void, anything herein contained to the contrary notwithstanding. And it is hereby mutually covenanted and agreed between the parties, that if default shall be made in payment of said sum of money, or any part thereof, or the said interest thereon at the time or times when by the condition of the said obligation the same shall become payable, or if the said party of the second part shall at any time deem himself insecure, then and thenceforth it shall be lawful for the said party of the second part, his executors, administrators or assigns, or his authorized agent, to enter upon the premises of the said party of the first part, or any other place or places where said goods and chattels aforesaid may be, to remove the same, and dispose of the same, and all the equity of redemption of the said party of the first part, at public auction, or at private sale, to any person or persons who shall offer the highest price for the same, and out of the avails thereof to retain the amount which shall then be due upon his aforesaid obligation according to the conditions thereof, together with

all reasonable costs and expenses attending the same, rendering to him or his legal representatives the surplus moneys (if any there shall be,) anything herein to the contrary notwithstanding. And until default be made as aforesaid, or until such time as the said party of the second part shall deem himself insecure as aforesaid, the said party of the first part to continue in the peaceable possession of all the said goods and chattels, all of which in consideration thereof, he engages shall be kept in as good condition as the same now are, and taken care of at his proper cost and expense.

In witness whereof, the party of the first part has hereunto set his hand and seal the 22d of April 1875.

A. W. GIFFORD. [SEAL.]

On the back of said mortgage is the following assignment:

PARSONS, Kansas, April 28th 1875.—For value received I, W. L. Winter, the within-named mortgagee, do hereby sell, assign and transfer unto the Parsons Savings Bank of the city of Parsons, Kansas, all my right, title and interest in and to the within mortgage.          W. L. WINTER.

Said chattel mortgage was kept alive by the bank, by the filing of the proper renewal affidavit. The mortgage and renewal affidavit were filed of record in the office of the register of deeds of Labette county. Sometime in 1876, the press in question was sold at Parsons, at constable sale, as the property of Gifford & Winter, and bid off by one Carr. Carr sold it to defendants *Sargent & Larkin*, who moved it to Fort Scott in November 1876. Trial at the May Term 1877 of the district court. The plaintiff offered said chattel mortgage in evidence. The defendants objected to the introduction of said mortgage, and assigned as the grounds for their objection —

"That said mortgage is void upon its face; that the description of the property sought to be mortgaged is vague, indefinite and uncertain; that the contents of the mortgage convey no intimation to outside parties as to what property was mortgaged; that the mortgage does not show any county or state where the property was situated at the time the mortgage was executed; neither does it show the mortgagor to be a resident of the state of Kansas or of any county therein at the date of the execution of said mortgage; that said mortgage has no validity in law, and is incompetent as

evidence in this suit"—which objection was sustained by the court, and the plaintiff duly excepted.

The subsequent proceedings are sufficiently stated in the subjoined opinion. The defendants demurred to plaintiff's evidence, and the court sustained the demurrer and gave judgment against the plaintiff and in favor of the defendants for costs. The plaintiff brings the case here.

*C. O. French,* for plaintiff.

*Eugene F. Ware,* for defendants.

The opinion of the court was delivered by

HORTON, C. J.: This was an action of replevin, to recover the possession of a half-medium Gordon job printing-press. The plaintiff claimed under a chattel mortgage from A. W. Gifford to W. L. Winter, of date 22d April 1875, assigned to it on the 28th of said April, by said Winter. Defendants claimed by purchase from one Carr, who bought at an execution sale, after the mortgage was recorded; but such defendants were ignorant of the existence of the mortgage at the time of their purchase. The chattel mortgage was offered in evidence, but rejected as being void for uncertainty of description. Thereupon the following proceedings were had:

"Plaintiff's counsel asked the witness Augustus Wilson, who was the president of the Parsons Savings Bank:

"'What did you do, if anything, toward taking possession of the property mentioned and described in this mortgage offered in evidence, including the press in controversy?'

"Defendants object, for the reason that the question is incompetent, immaterial, and irrelevant, and assumes that the press mentioned in the mortgage is the one in controversy. Objection sustained — to which ruling plaintiff excepts.

"Plaintiff now offers to prove, in response to such question, that the plaintiff, as assignee of W. L. Winter, the mortgagor, and while A. W. Gifford was in possession of the property described in the mortgage as owner thereof, and before these defendants acquired any interest in said property, with a copy of the mortgage offered in evidence went with A. W. Gifford to where the mortgaged property (including

the press in controversy) was, and there took possession of said property with the consent of said Gifford, and retained the possession thereof until the same was wrongfully obtained by other parties, under whom alone these defendants claim, which facts the court refused to allow the plaintiff to prove—to which ruling plaintiff excepts.

"*Question:* 'State whether or not, prior to the defendants' obtaining any possession of the press in controversy, you had received possession and control of the said press from A. W. Gifford? and if yea, state the facts in relation thereto.' Defendants object, on the ground of incompetency, irrelevancy, and immateriality. Objection sustained—to which ruling plaintiff excepts.

"Plaintiff now offers to prove, in response to such question, that A. W. Gifford, as owner of said press in controversy, delivered possession of the same to this plaintiff before the constable's sale mentioned in the testimony, and before defendants' purchase of the press referred to in the testimony, and that such possession was transferred for a valuable consideration, and that the said press was in the possession of this plaintiff at the time of the supposed constable's sale—which facts the court refused to allow plaintiff to prove—to which ruling plaintiff excepts."

As the chattel mortgage neither sufficiently described the personal property, nor stated where it was situated, nor gave the place, county, or state where either the mortgagor or mortgagee resided, it was insufficient and defective, within *Golden v. Cockril*, 1 Kas. 259. The description of property in a chattel mortgage, to be good, should contain either some hint which would have directed the attention of those reading it to some source of information beyond the words of the parties to it, or something which will enable third persons to identify the property, aided by inquiries which the mortgage indicates and directs, or a description which distinguishes the property from other similar articles. When however the plaintiff offered to prove that, while the property was in the possession of Gifford, and before the defendants acquired any interest in it, the plaintiff, with a copy of the mortgage, went to where the mortgaged property was, and then took possession of the same with the consent of the mortgagor, and re-

tained possession of it until it was wrongfully obtained by other parties, the court below erred in rejecting the testimony. If this was done as claimed, it would cure any defect in the mortgage on account of any imperfect description of the property; for it would be an appropriation and identification of the specific property to the mortgagee. Of course, the delivery, to be valid, must have been an actual transfer of the possession and control of the property, so that if destroyed the loss would have been that of the mortgagee, (or in this case, the assignee of the mortgagee, who stands in the shoes of the mortgagee.) Any constructive delivery or taking possession would have been of no avail.

The judgment of the district court must be reversed, and the case remanded for a new trial.

All the Justices concurring.