Dilley v. McGregor.

---

ISAAC DILLEY v. JOHN McGREGOR.

TRIAL OF RIGHT OF PROPERTY; *Statute Construed.* The trial of the right of property provided for by §§ 1, 2 and 3, Compiled Laws 1879, pp. 725–6, is a special statutory proceeding, designed principally for the protection of the officer levying the order of attachment or execution; it is not conclusive upon the rights of the parties, and there is no appeal from the order or judgment of the justice hearing the cause.

*Error from Brown District Court.*

AT the February Term, 1880, of the district court, the plaintiff, *McGregor*, had judgment against *Dilley*, as defendant, who brings the case here for review. The facts appear in the opinion.

*Killey & May,* for plaintiff in error.

*James Falloon,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On the 27th day of October, 1879, the plaintiff in error sued out a writ of attachment against one John B. Roussell, in an action pending before W. J. Richardson, a justice of the peace of Brown county. Under the order of attachment, the constable seized, among other property, one bay horse of the value of $60. On the 29th day of October, 1879, the defendant in error served upon the plaintiff in error a notice to try the right of property to the horse before the justice of the peace, on November 1, 1879. Upon the trial, the justice rendered judgment against the plaintiff in error for $14.55, as costs, and adjudged that the claimant was entitled to the possession of the horse. On November 11, 1879, the plaintiff in error filed an appeal bond, and sought thereby to transfer the case to the district court for trial *de novo.* At the February term of the district court for 1880, on motion of the defendant in error, the appeal was dismissed. The case is now here for review.

The only question presented is, whether an appeal will lie from the order and judgment of a justice of the peace in a trial of the right of property under §§ 1, 2 and 3, Compiled Laws 1879, pp. 725–6, being §§ 1, 2 and 3, ch. 164, Laws 1872. These sections were substantially taken from the statute of Ohio, and the construction given to them in that state must be adopted in this. (*Bemis v. Becker,* 1 Kas. 226; *Stebbins v. Guthrie,* 4 Kas. 353.) The supreme court of Ohio held, in *Armstrong v. Harvey,* 11 Ohio St. 527, that the main object of the enactment of those provisions is the protection of the constable, and not the ascertainment of the real rights of the parties to the property, and that this summary inquisition is not appealable. In *Sponenbarger v. Lemert,* 23 Kas. 55, 63, we intimated that such judgments are not conclusive. It follows, therefore, that § 120, ch. 81, Compiled Laws 1879, is

·not applicable, as this action is a special statutory proceeding controlled and governed by the act of 1872. That act makes no provision for an appeal. (*Shuster v. Finan*, 19 Kas. 114; *Butcher v. Taylor*, 18 Kas. 558.)

The judgment of the court below, dismissing the appeal, will be affirmed.

All the Justices concurring.