JAMES CLARK & CO. v. WISS & BALLARD, AND WATT, POWELL & CO., *Interpleaders.*

1. GARNISHMENT; *Interpleader.* The provisions of chapter 137, Laws of 1877, ( Comp. Laws of 1879, §§ 45a, 45b, of the Code,) are applicable to money, effects or credits attached or garnished in actions commenced before a justice of the peace.

2. ACCOUNT; *Assignment.* A debt due for goods sold and delivered, and resting for evidence on a book account, may be assigned, and such assignment may be made by mere delivery.

*Error from Pottawatomie District Court.*

THE opinion states the case.   At the September Term, 1884, the defendants *Wiss & Ballard,* and *Watt, Powell & Co.,* interpleaders, recovered a judgment against plaintiffs, *James Clark & Co.*   This judgment they bring here for review.

*L. H. Finney,* for plaintiffs in error.

*D. V. Sprague,* for defendants in  error Watt, Powell & Co.

The opinion of the court was delivered by

HORTON, C. J.:  The firm of Wiss & Ballard, of Wamego, were indebted to Watt, Powell & Co., of Topeka, in the sum of $2,107.53, over due, and for the purpose of securing the debt, on January 7, 1884, executed and delivered to Watt, Powell & Co. a chattel mortgage on the entire stock of goods, wares, and merchandise, in the store occupied by them at Wamego, including all their book accounts, moneys, credits, etc. The mortgage was filed on January 8, 1884, in the office of the register of deeds of Pottawatomie county.   Soon afterward all the personal property described in the mortgage, including the books of account, were voluntarily turned over to Watt, Powell & Co. by Wiss & Ballard, and thereupon they took possession of the same.   While Watt, Powell & Co. were in possession of all the property and the book accounts, James Clark & Co., of St. Louis, Mo., sued Wiss & Ballard for $121, before a justice of the peace of Wamego township,

Pottawatomie county, and caused a summons in garnishment to issue and be served on several persons whose accounts were held by Watt, Powell & Co. The garnishees were notified to appear before the justice of the peace and answer on January 28, 1884. On January 23, 1884, Watt, Powell & Co. filed with the justice, under the provisions of chapter 137, Laws of 1877, an interplea, claiming all accounts of the firm of Wiss & Ballard contained in their books of account, together with all moneys due or to become due thereon, which had been attached or garnished; and asking that all moneys paid, or to be paid, to the justice by the garnishees should be turned over to them, to be applied upon the indebtedness due them from Wiss & Ballard. Clark & Co. filed a demurrer to this interplea. The justice sustained the demurrer, and ordered the moneys to be paid to him for Clark & Co. The funds were paid to the justice, but before any were paid out the case was carried to the district court of Pottawatomie county upon error, by Watt, Powell & Co. In that court the order and judgment of the justice were reversed, and the justice was directed to overrule the demurrer to the interplea and proceed with the trial on its merits.

This ruling of the district court is now complained of, for the following reasons: *First.* It is urged that Watt, Powell & Co., if they claim the book accounts of Wiss & Ballard, and the money due thereon, should have proceeded under the provisions of chapter 164, Laws of 1872, and not under the provisions of chapter 137, Laws of 1877. (Comp. Laws of 1879, §§ 45a, 45b, p. 606; id. §§ 152a, 152b, 152c, p. 725.) *Second.* It is claimed that Watt, Powell & Co. had no right or claim to the book accounts, or any moneys due thereon, under the chattel mortgage, or otherwise. These points are not well taken. If chapter 137, Laws of 1877, providing for interpleas where money, effects, or credits are attached, is not

1. Garnishment; interpleader. a part of the code, then it has general application to attachments or garnishment proceedings pending before justices of the peace, as well as in district courts; if it be considered as a part of the code of civil procedure,

then it is primarily applicable to proceedings in the district courts; but under the terms of § 185 of the justices act, it is also applicable to proceedings before justices of the peace. Said § 164, Laws of 1872, to which we are referred, is a special statutory proceeding designed principally for the protection of the officer levying the order of attachment or execution; hence, outside of said chapter 137, there is no special provision made by the statute for any person claiming property, money, effects, or credits attached, to interplead in a case and have a hearing which shall be conclusive upon the rights. (*Dilley v. McGregor,* 24 Kas. 361.)

It is unnecessary in this case to determine whether the chattel mortgage is indefinite and uncertain as to the book accounts and credits therein named.   Prior to the garnishment proceedings, Watt, Powell & Co. had taken possession of the books, with the accounts due to Wiss & Ballard, the same having been turned over to them voluntarily by Wiss & Ballard. Now a debt due for goods sold and delivered, and resting for evidence on a book account, may be assigned, and such assignment is valid if made by mere delivery. (1 Parsons on Contracts, 6th ed. pp. 227–229; 2 Story's Eq. Jur., 11th ed., § 1047; *Galway v. Fullerton,* 2 C. E. Greene, 389; *Garnsey v. Gardner,* 49 Me. 167.)   Therefore, as Wiss & Ballard transferred to Watt, Powell & Co. all their books of account as security to pay their indebtedness, and as said Watt, Powell & Co. had possession of the same at the commencement of the attachment proceedings, the transfer or assignment to them was good, even if no chattel mortgage had ever existed.   But a chattel mortgage failing to properly describe the property, is cured by the subsequent delivery of the property to the mortgagee as against parties who have not acquired any rights before the delivery. (*Savings Bank v. Sargent,* 20 Kas. 576.)   Watt, Powell & Co. have a prior claim to the accounts due on the books of Wiss & Ballard and all the moneys paid thereon to the justice. Watt, Powell & Co. are not claiming any moneys paid by any parties before they obtained possession of the store and books

2. Book account may be assigned.

of Wiss & Ballard, and therefore the question of non-notification of the several debtors of the mortgage or assignment need not be considered.

The order and judgment of the district court must be affirmed.

All the Justices concurring.