NICHOLS & SHEPARD COMPANY v. JAMES Z. BISHOP, *Sheriff.*

(Filed September 3, 1902.)

1. **CHATTEL MORTGAGE—Defective Description—How Cured.** Where a chattel mortgage is given to secure an indebtedness, and the mortgage imperfectly describes the property, so that there is a defect in the description in the mortgage, the defect will be cured if the mortgagee subsequently takes possession of the property, as against those who have not acquired any rights, or whose liens have not attached until after the mortgage has taken possession.

2. **TRANSFER OF POSSESSION AND CONTROL—Manner of.** In such a case, no particular mode of taking possession is necessary. No particular ceremony or formality is required. There must be, however, an actual transfer of the possession and control of the property, so far as the same is subject to possession and control.

3. **REPLEVIN—Attachment—Defendant's Interest.** In an action of replevin, where the plaintiff claims the right of possession by virtue of a chattel mortgage, and the defendant claims the right of possession by virtue of an attachment lien, the defendant's interest in the property is but a special interest, and is measured by the amount necessary to satisfy the lien created by the writ, and in no event can an alternative judgment be for an amount exceeding his lien, where the property cannot be returned.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before John L. McAtee, Trial Judge.*

W. W. *Schwinn,* for plaintiff in error.

Percy *Glaze,* for defendant in error.

Action for replevin by plaintiff in error against the defendant in error in the district court of Garfield county, to recover six hundred bushels of wheat of the value of $300, upon which plaintiffs claimed a mortgage lien. The answer

was a general denial, and that the sheriff was in posession of the property under and by virtue of a writ of attachment; and also that the property covered by the plaintiff's mortgage was not the property attached. Reversed and remanded.

## Opinion of the court by

PANCOAST, J.: This was an action brought by the plaintiff in error in the district court of Garfield county against the defendant in error to recover six hundred bushels of wheat, which they claimed the right of possession of under and by virtue of a chattel mortgage given by one W. H. Scritchfield, the owner of the property. The defendant claimed to hold the property under and by virtue of a writ of attachment issued against the property of W. H. Scritchfield.

There are numerous assignments of errors arising at the trial of the case, and upon the instructions given, and those refused, by the court. We have examined the record in detail, as well as the briefs of counsel, and having come to the conclusion that the case must be reversed, we therefore deem it only necessary to consider such questions as may be instructive at the new trial, which must be had.

At the trial below the plaintiffs claimed under and by virtue of a chattel mortgage, which described the wheat as being fourteen hundred bushels of wheat in the bin, on the southeast quarter of section 18, township 20 north, range 4, in Garfield county, Oklahoma, and the oral evidence showed that the wheat mortgaged was, in fact, not in the bin when the mortgage was executed, but was in the shock, or partially in the shock, and that the agreement between the mortgagor and mortgagee was that the wheat should be threshed imme-

diately and put in the bin. The defendant proceeded upon the theory that the mortgage, as to the attachment creditors, was void, and that the wheat levied upon was not the wheat described in plaintiff's mortgage.

At the trial the plaintiffs undertook to show that they had taken possession of the wheat prior to the levy of the attachment, and, having reduced the same to their possession the defect in the description in the mortgage was cured, as against the attaching creditors. The defendant claims that the acts of the plaintiffs in attempting to take possession of the wheat were not sufficient, and that they had not changed the possession or changed the legal conditions.

One of the instructions which the court refused to give, which is complained of by the plaintiffs in error, and which may be presented upon the new trial, was:

"If you find from the evidence, that W. H. Scritchfield executed the mortgage introduced in evidence in this case, and it was intended by said mortgage to cover (wheat) levied upon by the defendant, and that the plaintiff had taken possession of the wheat before the attachment was levied, then in that case your verdict should be for the plaintiff."

This instruction was refused, and taken alone was probably properly refused, but it states the law when applied to the evidence, so far as it goes, and should have been given along with other instructions applicable to the case. It was intended to cover the proposition of law that where a mortgage is given upon property, which mortgage fails to fully describe or imperfectly describes the property, so that there was a defect of description in the mortgage in that regard,

the defect is cured by the mortgagee subsequently taking possession, as against parties who have not acquired any rights, or whose liens have not attached until after the mortgagee has taken possession. (*Cagnon v. Brown,* [Kans.] 27 Pac. 104, *Parsons Saving Bank v. Sargent,* 20 Kans. 576; *Dolan v. Van Demark,* 10 Pac. 848; *Cameron, Hull & Co. v. Marvin* 26 Kans. 612.)

Several other instructions along this line were asked and refused, but as the same error is not likely to occur again, we will not discuss them here.

The court gave the following instruction, which we think does not correctly state the law of the case:

"The jury is instructed that if they believe that plaintiffs took possession of the wheat replevied before the order of attachment was served and before the defendant sheriff took possession of the same, that such possession on the part of plaintiff's must be open, notorious and such as to apprise the world that they were in possession, and unless you so find it is your duty to find for the defendant; whether there was a sufficient change of possession, is for you to determine."

We think that under the law no particular mode of taking possession was necessary. No particular ceremony or formality was required. And as to the property involved, it was not necessary that an actual manual delivery be had, because the property was not of such a character that actual manual delivery could be made. The possession, however, to be valid in such a case as the one at bar, in order to cure a defect in the description in the mortgage, must have been an actual transfer of possession and control, in so far as the same could be taken possession of and controlled. The question of pos-

.session, as between the parties hereto, does not turn upon the question of openness or notoriety. (*Parsons Savings Bank v. Sargent, supra.*)

Another instruction which we think may have misled the jury, was:

"The jury is instructed that in order for the plaintiffs to recover in this action, they must establish by a preponderance of the evidence that the wheat replevied in this action is the same wheat described in the mortgage given by William H. Scritchfield to these plaintiffs, and unless you so find it will be your duty to find for the defendant."

The word, "described," in this instruction should not have been used. Some other word that would have shown that the wheat replevied in this action was the same wheat covered by the mortgage, should have been used, or at least the property intended to be covered by the mortgage. It was admitted that the description in the mortgage was not correct. The wheat of course was not the wheat described, but was the wheat sought to be described in the mortgage. This error runs through two or three instructions which follow this one.

The most serious question, however, and one upon which the case should be reversed, if upon no other, is that the defendant failed to show what his interest was in the wheat replevied. The justification set up in the answer was that he held the wheat under and by virtue of an attachment. At the trial of the case the only evidence offered along that line was that the attachment was issued out of the probate court and placed in his hands, and upon which he made the levy. The attachment order was not introduced in evidence, nor was there any evidence showing the amount of the defendant's

claim against the attachment debtor, nor can it be determined from an examination of the record what the attaching creditors' interest was. Whether if was for the value of the wheat, or more or less, we are unable to say. Whether or not there was a judgment rendered at the time of the trial of this case, we do not know. If there has been, then the judgment should have been introduced in evidence, in order to determine what the attaching creditors' interest was. If the judgment had not been rendered, then at least the order of attachment should have been introduced, in order to show what the attaching creditors' claim was, and in order to show their interest. The defendant was only an officer and his interest could not have been greater than was created by the writ. In other words, the value of his special interest should have been measured by the amount necessary to satisfy the lien created by his writ. ( Shinn on Replevin, Sec. 631.) Instead of the interest of the defendant being shown, the case was tried upon the theory that if the defendant was entitled to recover he was entitled to recover the whole of the property, or its entire value, when, as a matter of law, he was entitled to recover the possession of the property, or the value of his special interest, in no event to exceed his special lien, in case the property could not be returned.

For the reasons stated, the judgment must be reversed, and the cause remanded to the court below for a new trial.

Burford, C. J., Irwin J., and Gillette, J., concur; Hainer, J., and Burwell, J., concur in the result; Beauchamp, J. absent.