No. 20,710.

R. M. DUNNING, *Appellant,* v. W. H. POSTEN et al. (J. B. ROUNDTREE and N. M. BISEL, *Appellees*).

SYLLABUS BY THE COURT.

1. ATTACHMENT—*Interplea Filed—Judgment Binding on Interpleader —Res Judicata.* A judgment on an interplea filed in an attachment proceeding under section 45 of the code of civil procedure is binding on the interpleader and on the parties to the action, and is a bar to another action by the interpleader for the recovery of the possession of the property in controversy.

2. SAME — *Entry on Justice's Docket — Valid Judgment.* An entry on the docket of a justice of the peace as follows: "Demurrer to evidence filed by plaintiff, N. M. Bisel, Court sustained demurrer, and rendered judgment against claimant for costs," shows that judgment was rendered against the claimant for costs.

Appeal from Johnson district court; JABEZ O. RANKIN, judge. Opinion filed March 10, 1917. Affirmed.

*Edward T. Riling,* and *John J. Riling,* both of Lawrence, for the appellant.

*B. V. Pardee,* and *J. B. Wilson,* both of Lawrence, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This is an action to recover specific personal property. Judgment was rendered against the plaintiff and in favor of defendants Roundtree and Bisel on their motions for judgment on the pleadings. The plaintiff appeals.

The plaintiff's pleadings consisted of an ordinary petition and affidavit in replevin. The action was dismissed as to defendant W. H. Posten. Defendants Roundtree and Bisel filed separate answers. Each of these answers disclosed the follow-

ing facts: That on September 9, 1915, defendant Bisel commenced an action on a promissory note before defendant Posten, a justice of the peace, against O. H. McQuary, jr., and Minnie Alta McQuary, for the recovery of $152.62; that summons was served and an order of attachment was issued on September 10, 1915; that the order of attachment was levied on the property in controversy in the present action; that on September 16, 1915, R. M. Dunning, the plaintiff in the present action, filed an interplea in the action before the justice of the peace, in which interplea the plaintiff, Dunning, alleged that he was the owner of the property in controversy and prayed that the attachment be dissolved and that he be given possession of the property; that the action before the justice of the peace was tried as to all parties on September 16, 1915; that the plaintiff, Dunning, introduced evidence to establish the allegations of his interplea; that defendant Bisel demurred to that evidence; that the demurrer was sustained by the court, and that judgment was rendered against Dunning for costs; and the judgment was rendered against O. H. McQuary, jr., for $169.10 and costs. No reply was filed in the present action to the answer of either of the defendants.

1. The plaintiff contends that his proceeding before the justice of the peace was under section 152a of the justices' civil code, while the defendant argues that the plaintiff's interplea was filed under section 45 of the code of civil procedure. Section 152a of the justices' civil code, in part, reads:

"When a constable shall levy on or attach property claimed by any person or persons other than the party against whom the execution or attachment issued, the claimant or claimants shall give three days' notice in writing to the attachment or execution creditor, his attorney or his agent, . . . . of the time and place of the trial of the right to such property, which trial shall be had before some justice of the township, at least one day prior to the time appointed for the sale of such property."

Under the facts disclosed by the pleadings in the present case, the notice provided for in this statute was not given. Section 45 of the code of civil procedure reads:

"Any person claiming property, money, effects or credits attached as the property, money, effects or credits of another, may interplead in the cause, verifying the same by affidavit made by himself, agent or attorney, and issues may be made upon such interpleader, and shall be

tried as like issues between plaintiff and defendant and without any unnecessary delay. In all cases of interpleader, costs may be adjudged for or against either party, as in ordinary cases."

In his interplea the plaintiff, Dunning, claimed the property attached. The property was of the kind described in section 45 of the code of civil procedure. The instrument filed was denominated "Interpleader of R. M. Dunning." It was verified by R. M. Dunning. It was tried at the same time and, presumably, in the same manner as the issues between the plaintiff and the defendant in the action before the justice of the peace were tried. The instrument filed by Dunning did not comply with any of the provisions named in section 152a of the justices' civil code, but did comply with all of the requirements of section 45 of the code of civil procedure. It must be held that the plaintiff, Dunning, did interplead under that section, and that he must abide all the consequences following the trial of his interplea. Those consequences are that the plaintiff, Dunning, is bound by the judgment rendered by the justice of the peace on that interplea, and can not maintain another action for the recovery of the property. (*James Clark & Co. v. Wiss & Ballard*, 34 Kan. 553, 555, 9 Pac. 281; *Meegan v. Pettibone-Gentry Co.*, 85 Kan. 536, 538, 118 Pac. 64.)

2. The plaintiff insists that no judgment was rendered against him by the justice of the peace, and that for that reason the proceeding before the justice of the peace is not a bar to the prosecution of this action. The language used by the justice of the peace in his transcript is as follows:

"Demurrer to evidence filed by plaintiff, N. M. Bisel, court sustained demurrer, and rendered judgment against claimant for costs."

That language clearly and conclusively shows that the plaintiff's claims to the ownership of the property were decided against him, and that judgment was rendered against him for costs, which was the only judgment that could have been rendered against Dunning in that action.

The judgment is affirmed.