## HARRISON v. OKLAHOMA CITY GENERAL HOSPITAL.

No. 26321.   Jan. 21, 1936.

W. M. Caudill and S. A. Wilkinson, for plaintiff in error.

M. G. Sinclair, for defendant in error.

PER CURIAM. This is an appeal by the assignee of a judgment, from an order of the district court below refusing to recognize such assignment, and directing the payment out of money paid into court by the judgment debtor of another judgment obtained against the judgment creditor in a justice court, pursuant to an order in a garnishment issued out of the justice court. The question involved is whether the plaintiff in error was precluded in the court below from claiming the proceeds of the judgment under an assignment from the judgment

creditor because of a previous adjudication in the justice court adverse to the plaintiff in error.

W. M. Caudill recovered judgment on March 28, 1934, in the district court of Oklahoma county against the Morris Plan Company of Oklahoma for $250 and $50 attorney fees and costs; and the appeal by the judgment debtor was dismissed by this court on January 22, 1935. Morris Plan Company of Oklahoma, Inc., v. Caudill, 170 Okla. 367, 40 P. (2d) 650. The mandate was spread of record in the court below on February 8, 1935. On December 4, 1934, the Oklahoma City General Hospital, a corporation, filed suit against the judgment creditor, W. M. Caudill, and another, in the court of Justice Leo B. White of Oklahoma county, for $137.56, and attorney fees and costs, and garnishment process issued therein was served on the judgment debtor on that date. The judgment debtor answered on December 11, 1934, that it would be indebted if the judgment appealed from was affirmed; and the justice, on December 13, 1924, ordered the judgment debtor to pay into his court the sum of $177.56, in the event that the decision in the case on appeal should be adverse to the garnishee. W. M. Caudill procured a change of venue on December 24, 1934, to the court of Justice Carl Traub, in which court judgment was entered on January 4, 1935, for the plaintiff therein for the amount sued for, and this judgment was never appealed from and became final.

On December 8, 1934, there was filed in the district court below an assignment dated November 1, 1934, from W. M. Caudill of his interest in the judgment to plaintiff in error. On January 25, 1935, Walter & Hilpirt, Caudill's attorneys, filed an interplea in the justice court claiming one-half of the judgment against the Morris Plan Company as attorney fees; and on January 29, 1935, the plaintiff in error filed a like interplea in the justice court, setting up the assignment and claiming the remaining one-half of the judgment after payment of attorney fees. The justice had a hearing on the interpleas on January 31, 1935, at which the parties were represented by counsel, and thereafter on February 4, 1935, the justice court denied both interpleas. No appeal was taken from such denial, and the judgment of the justice court became final.

On February 11, 1935, the plaintiff in error, as assignee of the judgment, caused execution to issue on the judgment against

the Morris Plan Company; and on February 19, 1935, that company tendered payment of the judgment into the court below, alleged the order in garnishment, and asked that the order of execution be recalled and the sheriff restrained from enforcing it. Walter & Hilpirt and the plaintiff in error filed their response to this tender and application. On March 8, 1935, the court below, after a hearing on the tender and application and the responses thereto, held that the parties were bound by the judgment of the justice court denying the interpleas, and ordered the judgment in the justice court be first paid out of the moneys tendered into court, and ordered that the balance be paid to Walter & Hilpirt, attorneys. The plaintiff in error's application to set aside the order of March 8, 1935, was denied, and he has appealed to this court assigning as error that the court below erred in holding that the justice court had jurisdiction over the parties, and that the judgment in the justice court was res adjudicata and precluded plaintiff in error from setting up his rights under the assignment of the judgment in the district court.

The record shows that the order of March 8, 1935, was entered upon an agreed statement of facts. The plaintiff in error submitted his claim by his interplea to the justice court, and the justice court denied that interplea. Such determination is res adjudicata, and is binding on the district court below. The justice court has judisdiction to determine conflicting claims to garnisheed funds. Okla. Stat. 1931, sections 162 and 845. The matter once determined in the justice court cannot be relitigated in another court. Dunning v. Posten, 100 Kan. 116, 163 P. 640.

The order of the court below directing the payment of the judgment obtained on the garnishment in the justice court was therefore proper.

Judgment affirmed.

The Supreme Court acknowledges the aid of Attorneys Roscoe E. Harper and W. L. Eagleton in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Harper and approved by Mr. Eagleton, the cause was assigned to a Justice of this court for examination and report to the court. There-

after, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ. concur.