WILLARD H. STORMS, PLAINTIFF IN ERROR V. EMERSON H. EATON, DEFENDANT IN ERROR. .

1. Practice: TRIAL OF RIGHT OF PROPERTY. Where goods are levied upon by a sheriff under execution, and such goods are claimed by a person other than the one designated as defendant in the execution, a trial of the right of property can be had in the mode prescribed by sections 486, 487 and 488 of the Code of civil procedure only at the instance of the claimant of such goods. A sheriff has no authority to institute such proceedings without the consent of the claimant.

2. ———: ACTION BY CLAIMANT AGAINST OFFICER. In such pro-

ceedings if the jury find against the claimant he cannot after-wards maintain an action against the officer; while if the jury find in favor of the claimant, the plaintiff in execution may tender the undertaking provided for by Sec. 488, and require the sale to proceed; and the officer in such case will not be liable to the claimant, his remedy being upon the undertaking.

3. ———: SETTING ASIDE VERDICT. Where a verdict is clearly wrong it should be set aside; but a mere difference of opinion between the court and jury will not warrant the former in setting aside the verdict of the latter.

ERROR from the district court of Saline county. Tried below before WEAVER, J.

It was an action of replevin brought by the defendant in error against the sheriff for property which had been seized on executions and attachments which came into the hands of the plaintiff in error, as sheriff, for levy and service issued in numerous actions against William T. Eaton, son of Emerson H. Eaton, the defendant in error, and who was carrying on the business of buying and selling merchandise in his own name and managing the concern in all respects. It also appears from the record that a trial of right of property was had before this action was brought, which resulted adversely to the defendant in error, who thereupon replevied the goods from plaintiff in error.

There was a trial, and verdict rendered in favor of Eaton, the defendant in error. Judgment upon the verdict. Exceptions thereto; and cause brought here upon petition in error. The evidence brought to this court is quite voluminous, and its publication not deemed necessary to an understanding of the points decided in the opinion.

W. H. Morris and Hastings & McGintie, for plaintiff in error.

This action is not maintainable. Ralston v. Oursler,

12 Ohio State, 105. *Armstrong v. Harvey*, 11 Id., 532. *Patty v. Mansfield*, 8 Ohio, 371.

The plaintiff in error contends that the facts stated in the petition of the defendant in error do not justify the entering of a judgment in his favor.

Replevin can only be maintained for the recovery of the possession of specific personal property which must be described, not only in the affidavit for replevin, but in the petition in such a manner as to be recognized by an officer about to seize them.

And in defendant's petition he describes the articles as all the goods in a certain store on a given day long prior to the issuance of the writ. It would seem therefore he sues for a conversion as well as to recover possession. *Maxwell v. Farnam*, 7 How, Prac., 236.

Notwithstanding the statutes make questions of fraudulent intent concerning fraudulent conveyances a question of fact for the jury, a verdict against evidence may be set aside in this as in other cases, and if the court submit the question of fraud without proper instructions the verdict may be set aside in like manner. *Marston v. Valtee*, 12 Abbott's Prac., 143. *Tappan v. Butler*, 7 Bosw., 480.

A verdict unsupported by or against the decided weight of evidence, will be set aside. *Dean v. King*, 22 Ohio State, 110, and cases there cited.

*M. C. B. True*, for defendant in error.

I. The court gave the jury only one instruction asked for by plaintiff below, to-wit:

"4. If the jury find the right of possession of the goods in question to have been in the plaintiff at the commencement of this action, they will find for the plaintiff; and with reference to the right of possession, it does not make any difference whether the so-called

bill of sale was intended as an absolute sale or mortgage, if they also find that possession of the goods, was taken and continued by said Emerson H. Eaton, under the said bill of sale and the transaction between the two Eatons was in good faith."

That this instruction as given was manifestly correct, see Gen. Stat., 393, 394, 554, 693.

II.   A debtor in failing circumstances may prefer his own relatives in payment or security of his debts, and this of itself is not evidence of fraud. *Hempstead v. Johnston et al.*, 18 Ark., 123. *Jackson v. Brownell*, 3 Caine's R., 222. *McMenomy et al v. Ferrens*, 3 Johns., 71.

III.   The verdict of the jury will not be disturbed if there is any testimony to sustain it. *Weisiger v. Chisholm*, 28 Texas, 790. *Hicks v. Stone*, 13 Minn., 436. *Breese v. State*, 12 Ohio St., 156. *Hammond v. Hammond*, 21 Ohio St., 621. *State v. Lamont*, 2 Wis., 437. *Lockwood v. Stewart*, 12 Wis., 628. *Hendy v. Smith*, 28 Ga., 308. *Bowman v. Torr*, 3 Clarke, 574. *Edminston v. Garrison*, 18 Wis., 594. *Robbins v. Alton Ins. Co.*, 12 Mo., 381. *McKnight v. Wells*, 1 Mo., 13.

MAXWELL, J.

I.   In this action the answer alleges that after the issuance and levy of certain executions on the goods in controversy, defendant in the court below "received a notice from the plaintiff that he was the owner of said goods and chattels, and I then forthwith gave notice to said plaintiff that the trial of the right of property in said goods and chattels would be had, as is provided by law, before R. L. Comwell, one of the justices of the peace in and for said county of Saline, and state of

Nebraska, and a jury; and afterwards, to-wit, on the eleventh day of March, 1874, a trial of the right of property was had before the said R. L. Comwell and a jury, and upon said trial the right of property was found to be in the said W. T. Eaton and not in said plaintiff."

The plaintiff in error was sheriff of Saline county and as such levied on the goods in question. But two questions are presented by the bill of exceptions:

*First.* Did a trial of the right of property before a justice of the peace preclude the defendant in error from bringing an action of replevin?

*Second.* Is the verdict sustained by the evidence?

It is claimed that a trial of the right of property was had under the provisions of sections 486, 487, and 488, of the code of civil procedure, and that in consequence thereof an action of replevin will not lie against the sheriff. These sections of our code were copied from the code of civil procedure of Ohio. This question has frequently been before the supreme court of that state.

In *Ralston v. Oursler*, 12 Ohio State, 111, the court say: "The claimant having in this instance voluntarily availed himself of the statutory remedy instead of resorting, as he might have done, to the remedies left open to him by the common law, must be regarded as having elected to take this peculiar remedy, with all its statutory incidents, and cannot now, so far at least as the sheriff is concerned, complain of its infringement of his constitutional rights."

In *Abbey v. Searls and Rider*, 4 Ohio State, 598, the court say: "The claimant is not bound to have a trial of the right of property, and if he nevertheless see fit to have it, and fail to establish his right, thereby adding apparent strength to the claim of the creditor, that the property be held by the process, he ought not to be allowed, in a subsequent proceeding against the officer, to show his right to it."

In *Patty v. Mansfield*, 8 Ohio, 369, the court say: "No person is bound to claim his property under this statute. He may at once commence his action at common law against the sheriff or other officer. And if he prefer the statutory remedy he ought to be concluded by it, so far at least as the officer is concerned."

In *Jones v. Wilson, Carr & Co.*, 16 Ohio State, 420, it was held that where goods were levied upon by a sheriff under color of process in attachment or execution issued from a court of record, and the same are claimed by a person other than the defendant named in the process, a trial of such claimant's right to such property under the statute can be instituted only at the instance of the claimant, and cannot be instituted at the instance of the sheriff or other officer making the levy against the will of the claimant.

In a proceeding of this kind the *claimant* becomes the actor. It is his duty to give notice in writing to the plaintiff in execution of the time and place of trial; and no trial of his right to the property can be had until it is made to appear that such notice has been given. The result of the trial is or may be to prevent the claimant from bringing an action against the officer making the levy. If the jury find against the claimant he cannot afterwards maintain an action against the officer; while if the jury find in favor of the claimant, the plaintiff in execution may tender the undertaking provided for by section 488, and require the sale to proceed, and the officer in such case will not be liable to the claimant, his remedy being upon the undertaking. But the officer has no authority whatever to institute proceedings of this kind without the consent of the claimant, as he cannot be deprived without his consent of his right to a trial by jury, nor (under our present constitution) his right to have the case reviewed in the court of last resort.

But there is no allegation in the answer, nor proof to

show at whose instance the proceedings before the justice were instituted. It is said that E. H. Eaton claimed the goods, but that of itself is not sufficient to authorize the commencement of summary proceedings under the statute. Nor is there anything in the answer or bill of exceptions to show that the justice rendered judgment on the finding of the jury in favor of the plaintiffs in execution, as required by section 487 of the code. The case, as made by the record, falls far short of being a judgment in bar, which would prevent the defendant in error from maintaining an action against the officer for the recovery of the goods.

II. Where a verdict is clearly wrong it should be set aside, but a mere difference of opinion between the court and jury will not warrant the former in setting aside the verdict of the latter. It is the province of the jury to pass upon questions of fact; but if a mere difference of opinion between the court and jury would be sufficient to authorize the court in setting aside a verdict, it would in effect substitute the court for the jury in the determination of questions of fact. *Seymour v. Street*, *ante*, page 85. *McGatrick v. Wasson*, 4 Ohio State, 566.

After a careful examination of the evidence in this case, we are of the opinion that the verdict is fully sustained. The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.