GEORGE W. GRAVES, *et al.,* V. GEORGE W. BUTCHER.

JUDGMENT, *When not Conclusive.* A judgment rendered by a justice of the peace in a proceeding for the trial of the right of property, under ch. 164 of the Laws of 1872, (Comp. Laws of 1879, pp. 725, 726,) in favor of the claimant and against the execution creditor, is not conclusive in a subsequent action brought by such claimant against the constable who levied the execution and his sureties.

### *Error from Atchison District Court.*

ACTION brought by *Butcher* against *Graves* upon his bond as constable, and the sureties therein. Trial at the March Term, 1879, of the district court, and judgment for the plaintiff. The defendants bring the case here. The facts appear in the opinion.

*W. W. Guthrie,* and *T. M. Pierce,* for plaintiffs in error.

*S. H. Glenn,* and *Gilbert & Ocker,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on the official bond of George W. Graves, constable. The facts are substantially as follows: Graves, having an execution in his hands, which had previously been issued on a judgment in favor of W. L. Challiss and against Thomas Butcher, levied such execution on certain property as the property of said Thomas Butcher, and was about to sell the same, when George W. Butcher (defendant in error, plaintiff below) claimed the same, and gave notice to Challiss for a trial of the right of property, under chapter 164 of the laws of 1872. (Comp. Laws of 1879, pp. 725, 726.) Said trial of the right of property was had, and judgment was rendered in favor of Butcher and against Challiss. Challiss then gave the constable an indemnity bond, and the constable then refused to deliver the property to said George W. Butcher, but sold it as the property of said Thomas Butcher. George W. Butcher then commenced this

present action against the constable and his sureties on the constable's official bond, for damages alleged to have been sustained by reason of the sale of said property. Various proceedings were had in the case, including the sustaining of a demurrer to certain of the defendants' defenses, a trial, and the rendering of a judgment in favor of the plaintiff and against the defendants for said damages, to wit: the sum of $208.60 and costs. The court below held that said trial of the right of property in the justice's court, and the judgment rendered therein, were conclusive against the constable and his sureties as to the ownership of said property. Whether this ruling of the court below is correct or not, is the only substantial question now presented to us for our consideration.

We think said judgment is not conclusive. In the case of *Sponenbarger v. Lemert,* 23 Kas. 63, it is said: "Such judgments are generally not conclusive. (Freeman on Executions, §§ 276, 277; *Armstrong v. Harvey,* 11 Ohio St. 527, 533; *B'Hymer v. Sargent,* 11 Ohio St. 682; *Foltz v. Stevens,* 54 Ill. 181, 185, 186; *Curtis v. Patterson,* 8 Cowen, 65; *Van Cleef v. Fleet,* 15 Johns. 147; *Sheldon v. Loomis,* 28 Cal. 122.) This kind of suit is a summary proceeding before a justice of the peace, for the trial of the right to property which may amount in value to several hundreds, or even thousands of dollars, and neither the judgment debtor (the supposed owner of the property) nor the constable who has seized it, is made a party to the action, but the proceeding is had merely between the claimant and the judgment creditor."

For the error of the court below, in holding that the judgment rendered by the justice of the peace in the proceeding for the trial of the right of property was conclusive against the constable and his sureties, the judgment rendered in this case must be reversed, and the cause remanded for further proceedings.

All the Justices concurring.