NATHANIEL BRAY, PLAINTIFF IN ERROR, V. JOSEPH SAAMAN, DEFENDANT IN ERROR.

Attachment: TRIAL OF RIGHT OF PROPERTY. Where goods are levied upon under an attachment issued by a justice of the peace, and are claimed by another than the defendant in the attachment, and such claimant institutes proceedings for a trial of the right of property, in which the jury find against him, and judgment is rendered thereon, he cannot afterwards maintain replevin against the officer.

ERROR to the district court for Otoe county. Tried below before POUND, J.

*F. E. Brown,* for plaintiff in error.

*Stevenson & Murfin,* for defendant in eroor.

MAXWELL, J.

On the seventh day of October, 1879, the defendant claims to have purchased from one E. S. Mathews, certain personal property, and taken a bill of sale of the same, the bill being filed for record in the county clerk's office at 8:40 A.M. of that day. On the same day, one John M. Parry commenced an action by attachment against E. S. Mathews before a justice of the peace of Otoe county, to recover the sum of $72.45. An order of attachment was thereupon issued and delivered to the plaintiff, who on the same day, at six o'clock P.M., levied the attachment upon the property which the defendant claimed to have purchased from Mathews. On the eighteenth of that month the defendant instituted proceedings under the statute for a trial of the right of property. The case was continued from time to time until the thirteenth of December, 1879, when a trial was had, and the jury found against the defendant and in favor of the plaintiff. The justice there-

upon rendered judgment· sustaining the attachment and that the claimant had failed to establish his right to the property, and for costs of the proceeding.

On the twenty-seventh of November, 1879, Parry recovered a judgment in his action against Mathews for the sum of $72.45. There is no record of any order made to sell the attached property, but the property seems to have been held under the attachment, and on the thirteenth of December of that year an execution was issued on the judgment in favor of Parry and levied upon the property in question, and it was advertised for sale as the property of Mathews. The defendant then brought an action of replevin against the officer, and reclaimed the property, and on the trial of the cause judgment was rendered sustaining the replevin. The only question for determination is, can the claimant of the property, after being defeated in a trial of the right of property, maintain replevin against the officer?

Section 996 of the code provides that: "When a constable or sheriff shall levy on or attach property claimed by any person or persons other than the party against whom the execution or attachment issued, the claimant or claimants shall give three days notice in writing to the plaintiff or his agent, or if not found within the county, then such notice shall be served by leaving a copy thereof at his usual place of abode in such county, of the time and place of the trial of the right to such property, which trial shall be had before some justice of the county, at least one day prior to the time appointed for the sale of such property."

Sec. 997 provides that: "If on the trial, the justice shall be satisfied from the proof that the property, or any part thereof, belongs to the claimant or claimants (or in case when a jury is demanded, the jury so find), such justice shall render judgment against the party in whose favor such execution or attachment issued, for the costs, and issue execution therefor, and shall, moreover, give a written

order to the officer who levied upon, or who may be charged with the duty of selling such property, directing him to restore the same, or so much thereof as may be found to belong to such claimant or claimants."

Sec. 998 provides that: "But if the claimant or claimants fail to establish his or their right to such property, or any part thereof, the justice shall render judgment against such claimant or claimants for the costs that have accrued on account of such trial, and issue execution therefor; and the officer shall not be liable to the claimant for the property so taken."

The question here presented was before this court in the case of *Storms v. Eaton*, 5 Neb., 453, and it was held that where the jury found against the claimant he could not thereafter maintain an action against the officer. This is the language of the statute, which was copied from Ohio, and the courts of that state in a long course of decisions have denied a right of action in such cases. In *Abbey v. Searls*, 4 Ohio State, 598, the court say: "The claimant is not bound to have a trial of the right of property; and if he nevertheless see fit to have it and fail to establish his right, thereby adding apparent strength to the claim of the creditor that the property be held by the process, he ought not to be allowed in a subsequent proceeding against the officer to show his right to it." We approve of that language, and when the verdict is in favor of the officer he is entitled to protection. This seems to be conceded by the attorneys for the defendant in error, but they contend that the attachment was abandoned, and that the sale being made upon execution, the trial of right of property was not in the same case, therefore the defendant is not concluded. The case in that regard is substantially the same as that of *Day v. Thompson*, 11 Neb., 123. The court acquired jurisdiction by the levy of the attachment and the lien acquired thereby. The proper course in such case is for the court to order the attached property to be sold; but where it is in

fact retained or sold to satisfy the judgment, in that case, the possession of the officer being continuous, one trial of the right of property is sufficient as against the claimant to justify the officer in selling the property. The question of the rights of the defendant in error as against the judgment creditor is not before the court. As the claimant of the property cannot maintain replevin against the officer, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.