# W. T. Vowell v. George Taylor *et al.*

(Filed Aug. 24, 1899.)

1. Courts—*Appeal—Jurisdiction.* Where an action is appealed from a justice of the peace or from the probate court, the district court takes merely appellate jurisdiction, and no original jurisdiction, and can hear and determine the case only as a case within the jurisdiction of such court from which the appeal was taken. (*Wagstaff v. Challiss,* 1 Pac. 631, 31 Kan. 212, followed.)

2. Appeal—*Bond—Motion to Dismiss—Waiver.* Where a case is tried in the probate court, and judgment rendered for the plaintiff, and the defendant attempts to appeal, without giving an appeal bond, and, after the transcript of the proceedings in the probate court is filed in the district court, the plaintiff makes a timely motion to dismiss the appeal for the reason that no appeal bond was given to effectuate the appeal, and such motion is overruled, and the parties are required to go to trial, any appearance for the purpose of protecting his rights on the trial will not amount to a waiver of the giving of an appeal bond, or give the court the right to try and determine such cause.

3. Appeal—*Failure to Give Bond—Duty of District Court.* It is the duty of the district court to dismiss an appeal from a justice's court when no appeal bond has been given. The court has no power to permit the filing of a new bond except in cases where a defective or insufficient bond has been given.

(Syllabus by the Court.)

*Error from the District Court of Cleveland County; before James R. Keaton, District Judge.*

*S. H. Harris,* for plaintiff in error.

*J. S. Jenkins* and *J. L. Brown,* for defendant in error.

—40

Replevin by W. T. Vowell against George Taylor and another. Judgment was for plaintiff, and defendants appealed to the district court. Judgment for defendants, and plaintiff brings error. Reversed.

Opinion of the court by

BURFORD, C. J.: This was an action of replevin begun in the probate court of Cleveland county by W. T. Vowell against Elizabeth Taylor and George Taylor. The plaintiff recovered a judgment in the probate court, from which the Taylors attempted to appeal to the district court of said county. The judgment was rendered in the probate court on August 14, 1895, and on the 30th day of August the transcript and papers were filed in the office of the clerk of the district court. No appeal bond accompanied the papers, nor does the transcript recite that any appeal was ever taken, or any appeal bond ever filed or approved. At the October term, 1895, of the district court, Vowell moved to dismiss the appeal for the reason that no appeal bond had been given as required by law, and that the district court had no jurisdiction of the cause. This motion was overruled and exceptions saved. After the overruling of the motion to dismiss the appeal, amended pleadings were filed, and the cause tried on its merits, and judgment rendered for the defendants, the Taylors. From this judgment Vowell appeals to this court.

The first error assigned and relied upon is that the court erred in overruling the motion to dismiss the appeal for the reason that no appeal bond was given to take the case from the probate court to the district court. Section 1566, Statutes 1893, provides that: " Appeals from the final judgment of said probate courts

shall be allowed and taken to the supreme court of this Territory in the same manner as [from] the district court and with like effect when only questions of law are involved in the appeal. If questions of fact are to be retried in the appellate court, the appeals shall be taken to the district court of the county in manner and form as appeals are taken from judgments of justices of the peace." The provisions of our statute providing for appeals from justices of the peace were adopted from Kansas when our Code of Civil Procedure was adopted, and is as follows:

" Section 4765. The party appealing shall, within ten days from the rendition of the judgment, enter into an undertaking to the adverse party with at least one good and sufficient surety to be approved by such justice, in a sum of not less than fifty dollars in any case, nor less than double the amount of the judgment and costs, conditioned: First, that the appellant will prosecute the appeal to effect and without unnecessary delay, and second, that if judgment be rendered against him on the appeal, he will satisfy such judgment and costs. Said undertaking need not be signed by the appellant.  *   *

" Sec. 4766. The appeal shall be complete upon the filing and approval of the undertaking." *   *

An appeal is purely a statutory privilege, and is not a matter of right. It is only by complying with the statutory requirements that one becomes entitled to the privilege of an appeal. By other provisions of the statute the courts are authorized to permit the filing of new bonds, or the giving of additional sureties, in cases where the appeal bond or sureties shall be insufficient. (Statutes 1893, section 4772.)

But such authority is only conferred where a bond has been given and accepted, and is, for some defect or irregularity, insufficient. Where no bond is given, no right to an appeal exists, and no such right can be acquired in the absence of a bond. The jurisdiction of the cause is in the court rendering the judgment, and such jurisdiction cannot be transferred to the district court unless an appeal bond be executed, and approved by the justice who rendered the judgment. There is an exception to this rule in favor of municipalities, but such exception has no application here.

In the case of *Wagstaff v. Challiss*, 31 Kan. 212, 1 Pac. 631, Mr. Justice Valentine, speaking for the supreme court of Kansas, in construing these same provisions of the statutes, said: " And, when the case is appealed to the district court, the district court takes the case just as it was when it was tried in the justice's court. The jurisdiction of the district court in such case is wholly appellate. Its original jurisdiction is not invoked at all. If we are correct in this, then the authorities cited by counsel for plaintiff in error have no application to this case, for in those cases the appellate court retired the cases just as though such cases had originated in the appellate court. Their original jurisdiction was invoked, and not merely their appellate jurisdiction, as is the case on appeals from justices of the peace to the district court in Kansas."

This construction was adopted by our legislature, and is binding on the courts of this Territory. The district court cannot acquire jurisdiction of a cause properly tried and determined before a justice of the peace,

on appeal from such judgment, unless the bond required
by statute is given within the prescribed time. (*Beckwith
v. Railroad Co.*, 28 Kan. 484; *Dowell v. Caruthers*, 26
Kan. 720; *Railway Co. v. Morse*, 50 Kan. 99, 31 Pac. 676.)

It is contended by counsel for defendants in error that
the plaintiff in error, by going to trial on the merits after
his motion to dismiss was overruled, submitted himself to
the jurisdiction of the district court, and thereby waived
his right to insist upon a dismissal for want of an appeal
bond. A great many authorities support this contention,
and such may be conceded to be the general rule relating
to the jurisdiction of the cause of action. This question was
before the supreme court of Kansas in *Railway Co. v.
Morse*, 50 Kan. 99, 31 Pac. 676, and, after a full considera-
tion of the authorities, it was held that where the appellee
in a case appealed from a justice of the peace made a
timely motion to dismiss the appeal, for the reason that
the appellant had given no appeal bond, and such motion
was overruled, any appearances made after that time in
defense of the action would not render the appeal valid,
or give the court jurisdiction, either appellate or original,
to hear the cause. This is the construction given these
provisions of our statute by the Kansas court prior to
their adoption by us, and we feel bound to follow such
construction.

In the case under consideration there is no appeal bond
in the record. The motion was made in the district court
to dismiss because no bond had been given. The
district court erred in overruling said motion, and the
defendants in error have not waived their right to insist
upon such error. It is claimed that this objection was

not raised by motion for new trial. It is true, we do not find this action of the court assigned as a cause for new trial, but the objection is one which goes to the jurisdiction of the court, and may be raised at any time, or in any manner. Furthermore, it is an error appearing upon the face of the record, and affecting the validity of the judgment rendered, and it may be reviewed notwithstanding it was not embodied in the motion for new trial.

There were numerous errors committed on the trial of this cause, which, in our judgment, were sufficient to require a reversal of the judgment. The cause was tried on a wrong theory. The instructions of the court were misleading, and prejudicial to the plaintiff in error; but as the cause must be reversed, and appeal dismissed, for the reason no appeal bond was given in the probate court, it is not necessary to further review the cause. The judgment of the district court is reversed, at the costs of the defendants in error, and cause remanded to the district court, with direction to dismiss the appeal at the costs of the appellant in said cause, and remand the case back to the probate court of Cleveland county.

All of the Justices concurring.