## STEVENS, KENNERLY & SPRAGINS CO. v. DULANEY et al.

### No. 1493. Opinion Filed March 12, 1912.

#### (122 Pac. 165.)

**JUSTICES OF THE PEACE—Appeal—Procedure.** In a cause appealed from a justice of the peace to a county court, it is not reversible error for the county court to impanel a jury and try the same upon the evidence adduced by the appellee upon the failure of the appellant to appear when said cause is reached for trial.

(Syllabus by the Court.)

*Error from Jefferson County Court;*
*G. M. Bond, Judge.*

Action by the Stevens, Kennerly & Spragins Company against A. M. Dulaney and H. M. Dulaney. Judgment for defendants, and plaintiff brings error. Affirmed.

*Thos. Norman,* for plaintiff in error.

*Bridges & Vertrees* and *Devereux & Hildreth,* for defendants in error.

KANE, J. This was an action on a promissory note, commenced by the plaintiff in error, against the defendants in error, before a justice of the peace. The defendants pleaded payment,

and upon trial judgment was rendered in their favor, whereupon the plaintiff appealed to the county court. In the county court plaintiff did not appear, whereupon the court impaneled a jury to try the issues joined by the pleadings. After the evidence adduced by the plaintiff, the jury returned a verdict for the defendants, upon which the court rendered judgment for costs against the plaintiff. Plaintiff in error contends: (1) That on its failure to appear in the county court it was error for that court to impanel a jury and try the case; that said court should have nonsuited the plaintiff in error and dismissed the action at plaintiff's cost, without prejudice; (2) that the court erred in instructing the jury at the close of the testimony that the jury should take the allegations of the defendants' answer as true.

The practice followed by the county court may have been irregular, but we do not see how the plaintiff is prejudiced by it. The proper action would have been to dismiss the appeal, and that would have left the judgment rendered by the justice of the peace in full force and effect, thus leaving the plaintiff in practically the same situation as he now finds himself. Counsel for plaintiff mistakenly treats the appeal as an original proceeding in the county court. It has been held that:

"Where an action is appealed from a justice of the peace, or from the probate court, the district court takes merely appellate jurisdiction, and no original jurisdiction, and can hear and determine the case only as a case within the jurisdiction of such court from which the appeal was taken." (*Vowell v. Taylor,* 8 Okla. 625, 58 Pac. 944.)

The Oklahoma Supreme Court quoted with approval from *Wagstaff v. Challiss,* 31 Kan. 212, 1 Pac. 631, as follows:

"When the case is appealed to the district court, the district court takes the case just as it was when it was tried in the justice court. The jurisdiction of the district court in such cases is wholly appellate. Its original jurisdiction is not invoked at all."

Another reason why this judgment should not be reversed is discussed in *Stevens, Kennerly & Spragins Company v. Dulaney et al., ante,* handed down this term.

The judgment of the court below is affirmed.

TURNER, C. J., and HAYES and DUNN, JJ., concur; WILLIAMS, J., absent, and not participating.