## HODSON v. KIGGENS.

No. 2719.　Opinion Filed June 20, 1913.

(134 Pac. 57.)

**JUSTICES OF THE PEACE—Res Judicata—Judgment Against Intervener—Replevin.** Where a claimant of property attached in an action for debt intervenes and asserts her claim under section 3918, St. Okla. 1893 (section 4701, Rev. Laws 1910), upon which a judgment is rendered against her, and holding the property subject to the attachment, from which judgment she does not appeal, she cannot thereafter maintain an action of replevin against the officer in possession of the property under the attachment; and the former judgment bars her recovery in the replevin action

(Syllabus by Thacker, C.)

*Error from County Court, Osage County;*
*C. T. Bennett, Judge.*

Action by Anna Hill Kiggens against W. O. Hodson. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions.

*G. K. Sutherland,* and *Grinstead, Mason & Scott,* for plaintiff in error.

*William Blake,* for defendant in error.

Opinion by THACKER, C. Plaintiff in error will be designated as defendant, and defendant in error as plaintiff, in accord with their respective titles in the trial court.

Among other specifications, the defendant argues: "Error of the court in overruling and denying defendant's motion for peremptory instructions in his favor," and in peremptorily instructing the jury to find for the plaintiff.

On September 15, 1910, in an action by George Carl against Willis Hill for debt, accompanied by attachment of the property here involved as the property of said Willis Hill, the plaintiff being an interpleader claiming the property in that action, a judgment was rendered by William Marler, a justice of the peace of Black Dog township, Osage county, Okla., in favor of the plaintiff against said Willis Hill for the debt, and against him and plaintiff in the case at bar as well, sustaining the attachment upon the finding that the property, at the time it was attached and at the time of the trial, was the property of the said Willis Hill, and that the plaintiff in the case at bar was not the owner of any of the same. There was no appeal from that judgment.

Section 4701, Rev. Laws 1910 (section 3918, St. Okla. 1893), reads:

"Any person claiming property, money, effects or credits attached, may interplead in the cause, verifying the same by affidavit, made by himself, agent or attorney, and issues may be made upon such interpleader and shall be tried as like issues between plaintiff and defendant, and without any unnecessary delay."

Section 5518, Rev. Laws 1910 (section 4830, St. Okla. 1893) reads:

"The provisions of the chapter on civil procedure, which are, in their nature, applicable to the jurisdiction and proceedings before justices, and in respect to which no special provision is made by statute, are applicable to proceedings before justices of the peace."

It appears that the judgment of September 15, 1910, was rendered in a proceedings dependent upon section 4701, *supra*, and that the same is, and at all times since its rendition has been, a valid and subsisting judgment, if authorized by this section of statute. It further appears that the proceedings and judgment were so authorized, unless sections 5494-5496, Rev. Laws 1910 (sections 4796-4798, St. Okla. 1893), authorizing the trial of rights of property at least one day before the time appointed for the sale of the property, upon notice given by the claimant to the constable levying the attachment, exclude the remedy by proceeding under the section of statute first above quoted; and it further appears that such proceeding is not so excluded.

In *Clark et al. v. Wiss et al.,* 34 Kan. 553, 9 Pac. 281, the court in deciding this precise point, said:

"These points are not well taken, if chapter 137, Sess. Laws of 1877, providing for interpleas when money, effects, or credits are attached, is not a part of the Code, then it has general application to attachments or garnishment proceedings pending before justices of the peace, as well as in district courts. If it be considered as a part of the Code of Civil Procedure, then it is primarily applicable to proceedings in the district courts; but, under the terms of section 185 of the justices' act it is also applicable to proceedings before justices of the peace. Said section 164, Laws 1872, to which we are referred, is a special statutory proceeding, designed principally for the protection of the officer levying the order of attachment or execution; hence outside of said chapter 137 there is no special provision made by the statute for any person, claiming property, money, effects, or credits attached, to interplead in a case, and have a hearing which shall be conclusive upon the rights (citing *Dilley v. McGregor,* 24 Kan. 361)."

In 34 Cyc. 1378, it is said:

"Where one who claims property seized under attachment process against another institutes proceedings for the trial of the right of property, and judgment is rendered against him, he cannot thereafter maintain replevin against the officer for the property."

Also, see the following cases: *Bray v. 'Saaman,* 13 Neb. 518, 14 N. W. 474; *Storms v. Eaton,* 5 Neb. 453; *Abbey v. Searls,* 4 Ohio St. 598.

After the judgment of September 15, 1910, in that case, plaintiff in the case at bar commenced this action against defendant, the constable in possession under the attachment, for the property, and on November 16, 1910, recovered judgment against defendant for the same, notwithstanding the plea and proof of the former judgment as *res adjudicata.* We are unable to perceive any distinction in principle between the effect of a judgment in a special proceeding, under statutes such as the states of Ohio and Nebraska have for the trial of "rights of property" attached, and under a statute authorizing an interplea, as ours does. We are of the opinion the court below should have instructed a verdict for defendant upon the issues and evidence as they stood at the time.

Defendant assigns other errors, including the overruling of his motion to quash the summons; but the foregoing views make it unnecessary to determine any of the questions presented by specifications, other than the ones already discussed, although the failure of the deputy to issue summons in the name of his principal, if not other defect in the summons, would otherwise require very serious consideration. See *Gibbens v. Pickett,* 31 Fla. 147, 12 South. 17, 19 L. R. A. 177, and *Summerville et al. v. Sorenson,* 136 N. W. 938, 42 L. R. A. (N. S.) 877, and especially the notes to each of these cases.

The case should be reversed and remanded, with directions for the trial court to proceed in accord with the views herein expressed.

By the Court: It is so ordered.