### SIMONS v. FLOYD et al.

No. 9029—Opinion Filed July 30, 1918.

Rehearing Denied Jan. 13, 1919.

(177 Pac. 608.)

**1. Justices of the Peace — Trial of Rights to Property—Conclusiveness—Statute.**

A judgment rendered by a justice of the peace in a proceeding for the trial of the rights of property, under section 5494, Rev. Laws 1910, is not conclusive of the right of property in said claim, as the same is a summary proceeding to regain the possession of the property levied upon by mistake, and is not a means to acquire or affirm title thereto, as the statute is designed as a protection to the constable who may have made a mistake in the discharge of his duties, enabling him to abandon his levy under certain circumstances, and has never been regarded as conclusive of the rights of any of the parties thereto, except so far as the statute expressly provides.

**2. Appeal and Error—Acquiescence in Judgment Below—Relief on Appeal.**

Parties who fail to appeal are deemed to acquiesce in the judgment below. They cannot be heard, on appeal by others, to complain of errors below, and can demand no relief from the appellate tribunal.

**3. Justices of the Peace—Trial of Rights to Property—Failure to Appear on Appeal—Practice.**

In an action of this character, where an appeal is had from the justice court to the county court, and where the party appealing fails to appear, the proper practice would have been to dismiss the appeal, and that would have left the judgment rendered by the justice in full force and effect.

(Syllabus by Hooker, C.)

Error from District Court, Muskogee County; Chas. G. Watts, Judge.

Suit in the justice court by W. E. Floyd against Levi Simons with an attachment, in which Elma R. Simons interpleaded. There was a judgment in justice court in favor of plaintiff and against the interpleader, who appealed to the district court, wherein there was a directed judgment for plaintiff. and she brings error. Affirmed.

W. D. Halfill, for plaintiff in error.

Crump, Bailey & Crump, for defendant in error Floyd.

Opinion by HOOKER. C. W. E. Floyd instituted this suit in the justice court against Levi Simons to recover a judgment upon an account for services alleged to have been performed by him for said defendant. At the same time he filed an affidavit for an attachment, which contained all of the statutory grounds therefor; and thereupon there was issued from the office of said justice an order of attachment directed to the constable of Porter township, in Muskogee county, which was by said constable levied upon certain personal property alleged to belong to said defendant therein. Said property was duly appraised by proper appraisers, and the attachment writ returned and due return made.

Thereafter, on November 15, 1915, one Elma R. Simons interpleaded, and moved the court to discharge the attachment, for the reason that a few days after the levy thereof she had, in a proceeding before another justice of the peace in said township, tried the rights of property in conformity with sections 5494, 5495, and 5496 of the Rev. Laws 1910, and that in said proceeding said justice did find that she was the owner of said property and entitled to the possession thereof, and had given. to her an order upon the constable so attaching said property to deliver same to her; and for the further reason that the grounds set forth in said attachment are untrue, and that the property attached was exempt, under the laws of the state of Oklahoma, to her as a married woman and as the owner of said property. This motion to discharge said attachment was duly verified. and on the 29th day of November, 1915, she filed in said action an interplea claiming the property as her own, and specifically denying that the defendant, Levi Simons, had any interest therein, and asked that said attachment be discharged against all of said property.

This cause was tried on December 14, 1915, and a judgment rendered against the interpleader and in favor of the plaintiff, Floyd, sustaining the attachment, and subjecting the property to the satisfaction thereof. From this judgment the interpleader. Elma R. Simons, appealed to the district court by executing a bond in manner and form as provided by law, and filed her appeal therein on the 29th day of December, 1915.

And thereafter, on the 15th day of March, 1916, the interpleader. Elma R. Simons, filed in the office of the court clerk of Muskogee county, in said action, a motion to discharge

attachment for the reason that in a certain proceeding had under the provision of section 5494, Rev. Laws 1910, before Charles Wheeler, a justice of the peace in and for Porter township, on the 13th day of November, 1915, the rights of property to the property involved in this action had been tried, and that said Wheeler, as justice of the peace aforesaid, did then and there find that this interpleader, Elma R. Simons, was the owner of said property, and had issued an order to the constable having the charge thereof, directing him to deliver the same to her; and for the further reason that the alleged grounds set forth in the attachment affidavit were untrue, and that the goods attached were exempt, under the laws of the state of Oklahoma, to her as a married woman, and that she was the owner of the property thus attached. This motion was not verified, but the interpleader, by the filing thereof, substituted the same in lieu of her former motion filed in the justice court seeking the same relief. Attached to this motion was a copy of the order or judgment rendered by Charles Wheeler, justice of the peace, as well as a copy of the order directing the constable to surrender the possession of said property to her.

On May 1, 1916, this motion to discharge the attachment was dismissed by the trial court for want of prosecution, and the minutes of the court of that date show the motion of the defendant to discharge the attachment dismissed for want of prosecution, appearing under the title of Floyd, Plaintiff, v. Simons. Defendant, case No. 4570. From this record Levi Simons was not a party to this appeal up to this date, and no other Simons had filed any pleading in this action save and except Elma R. Simons, and this order of the court thus made on May 1, 1916, could not have pertained and did not pertain to any other proceeding or pleading save and except the motion to discharge the attachment previously filed by Elma R. Simons in the district court of Muskogee county.

Thereafter, on the 8th day of June, 1916, Levi Simons filed an affidavit or motion to quash the attachment, wherein he stated that he had been a resident of the state of Oklahoma for six years, and that all of the property attached in this action was exempt to him from seizure, and therefore prayed the court to dismiss the attachment and release the goods. Thereafter this motion to dismiss was overruled by the court on July 3, 1916.

On October 16, 1916, this action came on for trial, and Elma R. Simons did not appear, nor did Levi Simons. Thereupon the plaintiff introduced his evidence, showing the existence of the account sued upon. And further testifying that the indebtedness accrued for medical services rendered Levi Simons and his family, and that at the time of the institution of this action in the justice court the said Levi Simons and his family were undertaking to leave.

Thereupon the court instructed the jury, no other evidence being introduced, to render a judgment in favor of the plaintiff for $51, the amount sued for. And the jury thereupon returned into court a verdict in favor of the plaintiff and against the defendant and interpleader, and finds defendant is indebted to the plaintiff in the sum of $51, and sustained the attachment.

On the 17th day of October, 1916, Elma R. Simons filed an application to vacate and set aside the verdict and judgment and to grant her a new trial for the following reasons, to wit: First, because her attorney and the attorney for the plaintiff had agreed that said cause would not be tried, except at a time to be agreed by them, and that her attorney had relied thereupon, and had failed to notify her of the date of said trial or to be present on the date thereof, and because of that fact he was not present; and for the further reason that the cause was not tried upon the issues made between the plaintiff and the interpleader, but upon the issues made between the plaintiff and the defendant, Levi Simons; and for the further reason that the rights of property had been before decided by one Wheeler, as justice of the peace, as more fully stated hereinabove; and for the further reason that the property was exempt to her under the laws of the state of Oklahoma, she being a married woman and a resident of the state.

To this motion for a new trial was attached the affidavit of her attorney alleging the substance of the agreement set forth in said motion.

On the 10th day of November, 1916, the motion for a new trial was overruled; and on the 11th day of November, 1916, the interpleader filed a motion to vacate the order overruling the motion for a new trial because her attorney had been unable to be present and argue the same and other reasons stated therein.

And on the 28th day of November, 1916, the trial court reinstated said motion for a new trial; and on the 2d day of January, 1917, the trial court heard said motion for a new trial and the evidence offered pro and con, and overruled the same.

Thereupon a judgment was entered against

the plaintiff in error, and in favor of the defendant in error, W. E. Floyd, and to reverse which an appeal is had to this court.

The first question necessary for us to determine is to construe sections 5494, 5495, and 5496, Rev. Laws 1910, and to determine what rights accrued to the plaintiff in error by virtue of the pleading had in the court of Wheeler, justice of the peace, a few days after the institution of this action in the justice court of Thompson by the defendant in error, Floyd, against her husband, Levi Simons, and in which she interpleaded.

Section 5494, above stated, is as follows:

"When a constable shall levy on or attach property, claimed by any person or persons, other than the party against whom the execution or attachment issued, the claimant or claimants shall give three days' notice, in writing, to the attachment or execution creditor, his attorney or his agent, or if not found within the county, then such notice shall be served by leaving a copy thereof at his usual place of abode in such county, of the time and place of the trial of the right to such property, which trial shall be had before some justice of the township, at least one day prior to the time appointed for the sale of such property."

And section 5495:                          ,

"If, on the trial, the justice shall be satisfied, from the proof, that the property, or any part thereof, belongs to the claimant or claimants, such justice shall render judgment against the party in whose favor such execution or attachment issued for the costs, and issue execution therefor, and shall, moreover, give a written order to the constable, who levied on, or who may be charged with the duty of selling such property, directing him to restore the same, or so much thereof as may have been found to belong to such claimant or claimants: Provided, that either party may at or before the time of trial call for a jury, and in that case, the mode of drawing, and all proceedings there, shall be conducted in all respects as is now provided for trial by jury, before justices of the peace."

And section 5496:

"But if the claimant or claimants fail to establish his or their right to such property, or any part thereof, the justice shall render judgment against such claimant or claimants for the costs that have accrued on account of such trial, and issue execution therefor; and the constable shall not be liable to the claimant or claimants for the property so taken."

The codifiers in their note to this statute say the same was taken from Kansas, and is the same as section 5005 of the Kansas Statute, and the Supreme Court of Kansas in the case of Graves v. Butcher, 24 Kan. 291, said:

"A judgment rendered by a justice of the peace in a proceeding for the trial of the right of property, under chapter 164 of the Laws of 1872 (Comp. Laws, 1879m, pp. 725, 726), in favor of the claimant and against the execution creditor, is not conclusive in a subsequent action brought by such claimant against the constable who levied the execution and his sureties."

And it further appears from the notes of the codifiers of the statute that this statute was originally adopted from the state of Ohio, and the Supreme Court of that state in Armstrong v. Harvey, 11 Ohio St. 527, said:

"The judgment and finding of a justice of the peace in favor of the claimant, and his order for its restoration to the claimant, made in a trial of the right of property levied in execution issued upon a judgment of another justice, is not conclusive of the right of property in said claimant, in a subsequent action for its wrongful caption and conversion, brought by the claimant against the plaintiff in execution, and the constable who, in disregard of such order, had sold the property on execution."

And in the body of the opinion in this cause it is said:

"It has always hitherto been regarded as a summary proceeding to regain the possession of property levied on by mistake, and not as a means to acquire or confirm a title thereto. It was designed, principally, as a protection to the constable who may have made a mistake in the discharge of his duties enabling him to abandon his levy under certain circumstances, and has never been regarded as conclusive of the rights of any of the parties thereto except so far as the statute expressly provides. For instance, the act provides that, if the justice finds adversely to the claimant, the constable shall not be liable to the claimant for the property so taken; but the claimant is not thereby precluded from asserting his right to the property or its proceeds from the plaintiff, who is also a party to the proceeding, nor from a purchaser at the sale by the constable. In short, he may recover the property, or its value, from any one who subsequently acquires or converts it. His title is not affected by the judgment of the justice; it still subsists and may be enforced. Patty v. Mansfield, 8 Ohio, 371.

"So, too, the statute requires that, if the decision is in favor of the claimant, the justice shall order the property restored to him; and, if this is done, it has never been supposed that such a restoration gave additional strength or validity to the title of the claimant, or made that good which was previouly defective, nor that such finding and restoration were conclusive against the plaintiff in execution, any more than a contrary finding would be conclusive upon the claimant. They are both parties to the proceed-

ing, and should be alike affected by its results either way.

"That the finding and judgment of the justice in these summary proceedings were not intended to be final and conclusive of the rights of the parties would seem to follow from the concluding provision, that in one event—a finding against the claimant—'the constable shall not (thereafter) be liable to the claimant for the property so taken.' It is clearly implied in this provision that the result shall not be conclusive in any other event nor as between other parties, and leaves the question as to the real right to the property still open and liable to be contested, as to all other parties, in a suit where the ultimate right may be determined in a less summary and more satisfactory manner. It also evinces that the main object of the enactment is the protection of the constable, and not an ascertainment of the real rights of the parties to the property."

It will thus be seen that when the cause came on for trial there was no affidavit on file denying the grounds of the attachment or disputing the correctness of the claim sued for; the only plea being the interplea of the defendant in error, Elma R. Simons. In this interplea she asserting the property levied upon as her own, the burden was upon her to establish the same, but she was not present in person or by attorney to present the evidence, and the trial court, under the evidence introduced, instructed the jury to return a verdict in favor of the plaintiff for the amount of his claim.

It must be borne in mind that Levi Simons did not appeal from the judgment of the justice rendered against him, nor was he made a party to said appeal by Elma R. Simons; hence, under the authority of this court in the case of Van Arsdale v. Olustee School Dist., 23 Okla. 894 101 Pac. 1121, he acquiesced in the judgment below, for therein it is stated:

"Parties who fail to appeal are deemed to acquiesce in the judgment below. They cannot be heard, on appeal by others, to complain of errors below, and can demand no relief from the appellate tribunal."

It therefore follows that the judgment of the lower court as to him became final, and that the action of the district court in retrying the cause was improper; but of this Elma R. Simons is not in a position to complain, for she was not prejudiced thereby.

As stated above, the only issue necessary for the district court to try in this case was the rights of property, the burden being upon the interpleader, Elma R. Simons, to support the allegations thereof, and to show ownership or right of possession thereto. She was not present in court to present her claim, and the trial court should have dismissed her appeal for want of prosecution. This, however, he did not do, but permitted the defendant in error, Floyd, to introduce certain evidence; and at the conclusion thereof the trial court rendered judgment against the interpleader for the return of the property attached in said cause, and while certain portions of the judgment may have been irregular and not within the power of the court to render the same, for the reason that Levi Simons was not a party to said appeal, yet that part of the journal entry which renders a judgment against the interpleader for the return of the property attached, and for costs against said interpleader, was within the jurisdiction of the court.

This court in 31 Okla. 611, 122 Pac. 165 (Stevens v. Dulaney), said:

"This was an action on a promissory note, commenced by the plaintiff in error against the defendants in error before a justice of the peace. The defendants pleaded payment, and upon the trial judgment was rendered in their favor; whereupon the plaintiff appealed to the county court. In the county court plaintiff did not appear; whereupon the court impaneled a jury to try the issues joined by the pleadings. After the evidence adduced by the plaintiff, the jury returned a verdict for the defendants, upon which the court rendered judgment for costs against the plaintiff. Plaintiff in error contends: (1) That on its failure to appear in the county court it was error for that court to impanel a jury and try the case; that said court should have nonsuited the plaintiff in error and dismissed the action at plaintiff's cost, without prejudice; (2) that the court erred in instructing the jury at the close of the testimony that the jury should take the allegations of the defendants' answer as true.

"The practice followed by the county court may have been irregular, but we do not see how the plaintiff is prejudiced by it. The proper action would have been to dismiss the appeal, and that would have left the judgment rendered by the justice of the peace in full force and effect, thus leaving the plaintiff in practically the same situation as he now finds himself. Counsel for plaintiff mistakenly treats the appeal as an original proceeding in the county court. It has been held that:

"'Where an action is appealed from a justice of the peace, or from the probate court, the district court takes merely appellate jurisdiction, * * * and can hear and determine the case only as a case within the jurisdiction of such court from which the appeal was taken.' Vowell v. Taylor, 8 Okla. 625, 58 Pac. 944." Also Wagstaff v. Challiss, 31 Kan. 212, 1 Pac. 631.

The judgment of the lower court is therefore affirmed.

By the Court: It is so ordered.