## FIRST NAT. BANK OF MAUD v. EIDSON et al.

No. 15619—Opinion Filed Feb. 16, 1926.

(Syllabus.)

**Justices of the Peace — Trial of Rights to Property Levied Upon — Effect—Appeal Not Allowed.**

The trial of the right of property provided for by sections 1038, 1039, and 1040, Comp. Stat. 1921, is a special statutory proceeding, designed principally for the protection of the officer levying the order of attachment or execution. It is not conclusive upon the rights of the parties, and there is no appeal from the order or judgment of the justice of the peace hearing the cause.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by Henry Tinkle and Mitchell Eidson, as claimants, against the First National Bank of Maud, execution creditor, for the determination of right of property levied upon under execution. Judgment in favor of the claimants, and execution creditor appeals. Reversed and remanded, with directions.

Wyatt & Waldrep, for plaintiff in error.

NICHOLSON, C. J. On December 7, 1923, the First National Bank of Maud obtained a judgment before a justice of the peace against J. R. Eidson, for the sum of $200, and costs, including attorney's fees. Execution was duly issued, and levied upon a Ford truck, as the property of the judgment debtor. Whereupon Henry Tinkle and Mitchell Eidson gave notice that they asserted ownership of said truck, and that a trial of the right of such property would be held before said justice of the peace on December 27, 1923. After the proceeding had been twice tried to a jury without a verdict being rendered, a change of venue was granted and a trial had before another justice of the peace, which resulted in a finding and judgment that the claimants were not the owners of said property, but that the same was the property of J. R. Eidson, and subject to levy. From this finding and judgment Henry Tinkle and Mitchell Eidson appealed to the superior court of Pottawatomie county. Upon the appeal being lodged in said court, the bank moved to dismiss the

appeal upon the ground, among others, that the court was without jurisdiction to hear and determine said appeal; that said appeal was upon a judgment rendered in a proceeding in a justice court, under a special statute prescribing a special procedure, and which statute does not provide for an appeal from a judgment rendered in such procedure. This motion was denied, and a trial was had, which resulted in a judgment in favor of the claimants, from which the bank has appealed.

The only question necessary for us to consider is, whether or not the trial court erred in denying the motion to dismiss the appeal.

This was a proceeding for a trial of the right of property brought under sections 1038, and 1039, and 1040, Comp. Stat. 1921. These sections of the statute were taken from the statutes of Kansas, and the Supreme Court of that state in Dilley v. McGregor, 24 Kan. 362, held that the trial of the right of property provided for by such statute is a special statutory proceeding designed principally for the protection of the officer levying the order of attachment or execution; that it is not conclusive upon the rights of the parties and there is no appeal from the order or judgment of the justice of the peace hearing the cause. See, also, Graves v. Butcher, 24 Kan. 291; Clark & Co. v. Wiss & Ballard, 34 Kan. 553, 9 Pac. 281.

In Simons v. Floyd et al., 74 Okla. 134; 177 Pac. 608, this court held that a judgment rendered by a justice of the peace in a proceeding of this character was not conclusive of the rights of any of the parties thereto, but the question of whether such judgment or order was appealable does not appear to have been presented to the court and was not there determined.

The judgment of the justice of the peace not being conclusive upon the rights of the parties, and no right of appeal being provided for, the trial court should have sustained the motion to dismiss the attempted appeal. Therefore, the judgment is reversed, and the cause remanded, with directions to dismiss the appeal.

MASON, HARRISON, PHELPS, LESTER, and HUNT, JJ., concur.

Note.—See under (1) 35 C. J. p. 735 § 406.