## WEEKS v. WILLIAMS.

No. 27908. June 20, 1939.

J. F. Murray, for plaintiff in error.

Haskell Paul, for defendant in error.

HURST, J. In this action plaintiff, Weeks, sought to replevin from defendant, Williams, a justice of the peace, a check for $171.84, being the proceeds from the sale of certain property taken under attachment proceedings in a case pending in defendant's court, and sold after judgment was rendered therein. Plaintiff intervened in that action and asserted a claim to the attached property, but did not appear at the trial and the judgment of defendant denied his claim. From this judgment he did not appeal. The replevin action was tried to a jury, and at the close of the case the district court sustained defendant's motion for directed verdict, and rendered judgment for defendant, and plaintiff appeals.

Plaintiff, in support of his assertion that the court erred in directing the verdict, contends that his intervention in the case in justice court was under sections 1004, 1005, 1006, O. S. 1931 (39 Okla. St. Ann. §§ 293, 294, 295), and that therefore the judgment of that court was not final and conclusive as to him, and he relies on First National Bank v. Eidson (1926) 114 Okla. 112, 243 P. 966, and Simons v. Floyd (1918) 74 Okla. 134, 177 P. 608, which hold that a claimant of property, proceeding under the above statute, is not concluded by the judgment from further asserting his claim, and that such judgment is not appealable.

Defendant, in opposition, urges that the intervention was not under the section above cited, but was under section 162, O. S. 1931 (12 Okla. St. Ann. § 241), made applicable to justice courts by section 845, O. S. 1931 (39 Okla. St. Ann. § 451), and therefore is controlled by Hodson v. Kiggens (1913) 37 Okla. 726, 134 P. 57, holding that in such case the judgment is conclusive in the absence of appeal.

Defendant's contention is sustained by the record, which discloses that no evidence was introduced or offered which tended to show compliance by plaintiff with the procedure prescribed by sections 1004, 1005, and 1006, supra, but on the contrary he admitted on cross-examination that he filed a petition in intervention in that case, asking that he be made a party thereto, and setting up his claim of ownership of the attached property. We think he therefore became a party to that action, and was

bound by the judgment rendered therein, which was final and conclusive in the absence of appeal. The trial court properly directed a verdict for the defendant. The other errors of which the plaintiff complains are immaterial.

Judgment affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, CORN, GIBSON, DAVISON, and DANNER, JJ., concur.