NATIONAL TANK CO. v. EVANS et al.

No. 30138.    Oct. 28, 1941.

Rehearing Denied Nov. 25, 1941.

*119 P. 2d 68.*

Ownby & Warren, of Tulsa, for plaintiff in error.

Leon J. York, of Stillwater, for defendants in error.

BAYLESS, J. National Tank Company, a corporation, appeals from a judgment of the district court of Payne county in favor of Joe H. Evans et al. denying plaintiff's claim of title to personal property and right of possession.

We summarize the facts: August 14, 1939, Roland Cleveland filed an action in the court of M. J. Otey, a justice of

the peace, against Clide H. Gorden et al., and attached certain personal property. September 6, 1939, plaintiff served a notice, styled "Motion of Trial of Right to Property by National Tank Company. Under sec. 1004, O. S. A. 1931," of intention to ask for the release of the personal property attached. It seems agreed this was done under authority of section 1004, O. S. 1931, 39 O. S. A. § 293 et seq. Thereafter, the date not being clearly shown but before the hearing specified in the notice, plaintiff filed a second instrument styled "Petition in Intervention for Return of Property. Under section 1004, O. S. A. 1931," reciting (1) the sale of the personal property by plaintiff to "Gordon" et al. by conditional sales contract; (2) the retention of the title and ownership by plaintiff; (3) the delivery of the property to the vendees and the filing of the sales contract; (4) the seizure of the property by constable at the instance of the plaintiff in the justice court; (5) plaintiff's demand for the release of the property, and (6) that by reason of the foregoing, said National Tank Company has demanded possession of said personal property, which has been refused, and that said National Tank Company is entitled to the immediate possession thereof, and entitled to an order of this court restoring said personal property to said National Tank Company, thereby releasing and relinquishing said personal property from said order of attachment. The matters were called to the attention of the justice named in the notice, who was the justice before whom the case on the merits was pending, and he entered a judgment reading in part:

"Now, on this 12th day of September, 1939, this cause came on to be heard before me, the undersigned justice of the peace, upon the petition of intervention of the National Tank Company, a corporation, and the intervener appearing by its attorney, Ownby & Warren, and the plaintiff appearing by his attorney, Leon J. York . . . and the court being fully advised in the premises finds . . . that said property is claimed by the National Tank Company by virtue of a conditional sales contract. . . . The court further finds . . . that by reason of the foregoing facts the plaintiff is entitled to the possession of said property herein described to have the same sold to satisfy his judgment. It is therefore the order and judgment of the court that intervener's petition be and the same is hereby denied and said attachment is in all things sustained and affirmed and said property is ordered sold to satisfy the judgment obtained herein by the plaintiff against the defendant, Clide H. Gorden."

Plaintiff then instituted the action in replevin from which this appeal arises, and upon trial judgment was rendered against it upon this express finding:

". . . That thereafter the plaintiff filed before the said M. J. Otey an instrument that it denominated 'Petition in Intervention for Return of Property,' and after hearing thereon, said petition was denied by the said M. J. Otey, . . . that the plaintiff did not appeal from said judgment of the said M. J. Otey, but elected to commence this action in replevin, and that within ten (10) days thereafter said judgment became final; the court further finds that plaintiff was an intervener in said justice court pursuant to the provisions of 162, O. S. 1931, and that sections 293, 294 and 295 of Title 39, O. S. A. do not apply to the proceeding before said justice of the peace, above mentioned, and that by reason thereof, it is barred from recovering in this action. . . ."

We think the controlling issue is whether the second instrument filed in the justice court amounted to a petition in intervention, and made plaintiff a party to that action.

Plaintiff cites the sections of the statutes, supra, relating to the summary procedure provided for the release of attached property, and Simons v. Floyd, 74 Okla. 134, 177 P. 608, and other Kansas and Oklahoma decisions construing and applying to those sections, in support of its contention that it was proceeding under those sections in the summary and inconclusive manner indicated and intended, and urgently argues it never intended to do more, and that the second instrument filed amounts to no more than a repetition of or a supplement to the notice served.

658

Defendants cite Hodsen v. Kiggens, 37 Okla. 726, 134 P. 57, and Weeks v. Williams, 185 Okla. 301, 91 P. 2d 783, in support of their argument to the contrary, to the effect that the second instrument filed went beyond anything contemplated by or allowed under the sections of the statutes cited by plaintiff, and in fact amounted to an entry of appearance and a submission in the fullest manner the issue of title.

This issue, as argued by the parties, revolves entirely around the meaning of the sections cited by plaintiff and the construction and effect of plaintiff's second filing thereunder.

In view of what has been said in our earlier decisions, cited by the parties, concerning the summary and inconclusive character of the hearing held pursuant to notice served under these statutes, and the emphasis laid upon the immateriality of pleadings other than the notice and title of the second filing by plaintiff and the substance therein (Weeks v. Williams, supra) we are of the opinion the justice of the peace was justified in treating it as a petition in intervention and a submission to his jurisdiction of the issue of title and possession; and that the lower court was correct in so ruling in this case.

A hearing before the justice of the peace of the issue tendered by the first filing would have exactly fitted the statutes. The decisions cited by plaintiff would have governed.

But, when plaintiff went further than that and filed a pleading called a petition in intervention wherein it pleaded at length its contentions concerning the personal property and sought to have those facts and issues decided in its favor as the basis for the return of its property, it did all it could have done to intervene and submit to the court's jurisdiction as fully as if it had been made a party at the inception of the action. Weeks v. Williams, supra. We are mindful of plaintiff's argument that a pleading is governed by its substance and purpose rather than its title, and that the designation of the second filing as "A Petition in Intervention," etc., does not make it such. We agree. But the inclusion in the title of the citation of the statute likewise is insufficient to limit the effect of the substance stated in the body of the instrument.

This decision on the issue of res adjudicata renders unnecessary a discussion of the other issues argued by plaintiff.

Judgment affirmed.

WELCH, C. J., and GIBSON, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., and RILEY, OSBORN, and HURST, JJ., absent.